IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Eddie Dean Crowder, | ) | C/A No. 7:22-cv-02605-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Blythe Construction Inc., Zachry Construction Corp., Johnson Mirmiran and Thompson Inc., Cowan Systems LLC, and John Allen Ferguson, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Defendant Johnson Mirmiran and Thompson Inc.'s ("JMT") Motion to Strike Certain Allegations of Plaintiff's Complaint. ECF No. 20. Plaintiff filed a Response in Opposition, and JMT filed a Reply. ECF Nos. 28, 29. For the reasons set forth below, the Motion is granted in part and denied in part.

## **BACKGROUND**

This case arises out of a multi-vehicle traffic accident that occurred on July 15, 2021, on Interstate 85 ("I-85"), near mile marker 90, in Cherokee County, South Carolina. ECF No. 1 at 1. Plaintiff Eddie Dean Crowder was driving his vehicle on I-85 South when traffic came to a stop. *Id.* at 4. Plaintiff stopped his vehicle behind the line of traffic, but Defendant John Allen Ferguson, who was driving a commercial truck for Defendant Cowan Systems LLC ("Cowan"), failed to stop and crashed into the rear of stopped vehicles, including Plaintiff's vehicle, at approximately 60 miles per hour. *Id.* As a result of the accident, Plaintiff was partially ejected from his vehicle, which rolled on top of him,

with the roof resting on his abdomen, and he remained in that position for 45 minutes before he was finally extracted and airlifted to the hospital. *Id.* at 5. Plaintiff sustained serious bodily injuries, including a traumatic brain injury, and continues to suffer and require ongoing therapy. *Id.* at 6.

Plaintiff filed this action in this Court to recover damages for his injuries, alleging various negligence claims against Defendants. *Id.* at 6–11. On September 7, 2022, JMT filed a Motion to Strike Certain Allegations of Plaintiff's Complaint. ECF No. 20. Plaintiff filed a Response in Opposition, and JMT filed a Reply. ECF Nos. 28, 29. The Motion is now before the Court.

## **APPLICABLE LAW**

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" either on its own or on motion made by a party "before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f). "Rule 12(f) motions are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'" *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (quoting 5A A. Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1380, 647 (2d ed. 1990)).

## **DISCUSSION**

JMT requests that the Court strike the portion of the first sentence of paragraph 2 of Plaintiff's Complaint referencing the Cherokee County Coroner's description of the construction work zone as a "death trap" because it is immaterial, impertinent, and scandalous. ECF No. 20 at 6. JMT also asks this Court to strike paragraph 13 of Plaintiff's

Complaint containing the price of the contract entered between Defendant Blythe Construction Inc. ("Blythe"), Defendant Zachry Construction Corp. ("Zachry"), and the South Carolina Department of Transportation ("SCDOT") because it is immaterial and scandalous.  *Id.*  In addition, JMT requests that the Court strike three still photographs of the motor vehicle accident inserted between paragraphs 24 and 25 of Plaintiff's Complaint because they are immaterial, scandalous, and are evidentiary matters which are improper in a pleading.  *Id.* at 6–7.

The Fourth Circuit Court of Appeals has noted that Rule 12(f) motions are generally viewed with disfavor "because striking a portion of the pleading is a drastic remedy . . . ." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (internal quotations and citations omitted).  "When reviewing a motion to strike, 'the court must view the pleading under attack in a light most favorable to the pleader.'"  *Holland v. Beaufort Cnty.*, C.A. No. 9:20-CV-03479-DCN-MHC, 2021 WL 5991790, at *1 (D.S.C. Jan. 13, 2021) (quoting *Piontek v. Serv. Ctrs. Corp.*, 2010 WL 4449419, at *3 (D. Md. Nov. 5, 2010)).

Having considered the arguments and submissions of the parties, the Court finds that the portion of the first sentence of paragraph 2 of Plaintiff's Complaint referencing the Cherokee County Coroner and his view regarding the construction work zone must be struck because it is scandalous, pejorative, and contains the opinion of a third party which is inappropriate in a pleading.  Indeed, the sentence appears to reflect a statement of a third party offered for its truth, which constitutes impermissible hearsay in this context.  Moreover, the statement is immaterial to both the background facts of the occurrence as well as the necessary elements of the claims set forth in the Complaint.

The Court further finds that the last two words of paragraph 13 of Plaintiff's Complaint—"for $435,576,907.00"—stating the price of the contract entered between Blythe, Zachry, and SCDOT should be struck because it is also immaterial to the claims raised in this case. As pleaded, the contract price has no relation to either the claims asserted or the underlying facts necessary to state such claims.[1] The Court denies JMT's request to strike three photographs appearing in paragraph 24 of Plaintiff's Complaint, which portray the scene of the occurrence. Accordingly, JMT's Motion to Strike is granted in part and denied in part.

## CONCLUSION

For the reasons set forth above, Defendant Johnson Mirmiran and Thompson Inc.'s Motion to Strike [20] is **GRANTED IN PART** and **DENIED IN PART** as set out.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

February 9, 2023
Spartanburg, South Carolina

---

[1] The Court notes that facts may exist in this case which could conceivably be admissible in evidence before a jury but are impertinent, immaterial, and improper to include in a pleading.